IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02460-BNB

CARLOS BUSTAMANTE HURTADO,

    Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Carlos Bustamante Hurtado, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Hurtado filed *pro se* on September 19, 2011, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado conviction in Weld County District Court Case No. 06CR1036.  ECF No. 1 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).  The Court will use this convention throughout this order.  Mr. Hurtado has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On October 20, 2011, after being ordered to do so, Mr. Hurtado filed an amended habeas corpus application (ECF No. 5).  On October 21, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A).  *See* ECF No. 7.  On October 31, 2011, Respondents submitted their pre-answer response.  *See* ECF No. 10.  On November 14 and 16, 2011, Mr. Hurtado filed a reply to the pre-answer response.  *See* ECF Nos. 11 and 12.

The Court must construe Mr. Hurtado's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the amended application and dismiss the action as barred by the one-year limitation period.

Mr. Hurtado originally was charged in Weld County District Court Case No. 06CR1036 with possession with intent to distribute a controlled substance (1,000 grams or more), distribution of a controlled substance (1,000 grams or more), and possession of a controlled substance (1,000 grams or more).  On November 6, 2006, pursuant to a plea agreement, Mr. Hurtado pleaded guilty to the distribution count.  *See* ECF No. 10 (pre-answer response), ex. A (state court register of actions) at 7-8.  The remaining counts, as well as counts in two separate cases, were dismissed.  On December 15, 2006, Mr. Hurtado was sentenced to twenty years of imprisonment in the DOC.  *See* ECF No. 10, ex. A  at 7.  Mr. Hurtado did not file a direct appeal.

On April 6, 2007, Mr. Hurtado filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure (ECF No. 10, ex. A at 7) and he filed a supplement to the motion on June 5, 2007.  *See* ECF No. 10, ex. A at 7.  On July 24, 2007, the trial court denied the motion for sentence reconsideration.

*See* ECF No. 10, ex. A at 7.  He did not appeal.

On December 16, 2009, Mr. Hurtado filed a Colo. R. Crim. P. 35(c) motion.  *See* ECF No. 10, ex. A at 6.  The trial court denied the motion on January 12, 2010.  *See* ECF No. 10, ex. A at 5.  Mr. Hurtado appealed, and the Colorado Court of Appeals affirmed on February 17, 2011.  *See* ECF No. 10, ex. C (*People v. Hurtado-Bustamante*, No. 10CA0400 (Colo. Ct. App. Feb. 17, 2011).  On June 20, 2011, the Colorado Supreme Court denied certiorari review.  *See* ECF No. 10, ex. D.

On September 19, 2011, Mr. Hurtado filed the original habeas corpus application in this Court.   Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

3

> diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Hurtado's criminal case became final. The final sentence in Mr. Hurtado's criminal case was entered on December 15, 2006. Because Mr. Hurtado did not file a direct appeal, the Court finds that his conviction became final on January 29, 2007, forty-five days after he was sentenced.  *See* Colo. App. R. 4(b).  As such, the one-year statute of limitations appears to have began to run on January 30, 2007, the next business day after the conclusion of the time to appeal.

The Court next must determine whether any of Mr. Hurtado's state court post-conviction motions tolled the one-year limitation period.  Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  The issue of whether a post-conviction motion is pending is a matter of federal law.  *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 66 days before Mr. Hurtado filed his Colo. R. Crim. P. 35(b) motion for sentence reconsideration on April 6, 2007.  Mr. Hurtado then had 45 days from July 24, 2007, when the trial court denied the postconviction motion, until September 7, 2007, to seek an appeal under state law.  *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b).  He failed to do so.  As such, the limitations period began to run on September 8, 2007, and expired 299 days later on July 3, 2008.  Mr. Hurtado did not file his Colo. R. Crim. P. 35(c) motion until December 16, 2009, 531 days later.

Because the one-year limitation period expired before Mr. Hurtado filed his Colo. R. Crim. P. 35(c) motion, Respondents argue that the motion, and any subsequent motions, could not have tolled the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, they further argue, the habeas corpus application appears to be time-barred.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson*, 232 F.3d at 808.  Simple excusable neglect, however, is not sufficient to support equitable tolling.  *See id.*  Furthermore, equitable tolling is

appropriate only if the inmate pursues his claims diligently.  *See Miller*, 141 F.3d at 978.  Finally, Mr. Hurtado bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.* at 977.

In his reply to the pre-answer response filed on November 16, 2011 (ECF No. 12), Mr. Hurtado contends that the one-year limitation period should be equitably tolled because his public defender had a "duty" to file his direct appeal, and he had "no control over any decision to file any direct appeal process."  *See* ECF No. 12 at 1-2.  However, this argument does not excuse Mr. Hurtado's failure to file his habeas corpus application in a timely manner.  To be entitled to equitable tolling, Mr. Hurtado must have pursued his claims diligently and demonstrated that his failure to file his habeas application in a timely manner was caused by extraordinary circumstances beyond his control.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Gibson*, 2332 F.3d at 808 (equitable tolling of the one-year limitation period is available "only in rare and exceptional circumstances" (quotation omitted)).

Mr. Hurtado is not entitled to equitable tolling based upon his state counsel's alleged failure to pursue a direct appeal.  His counsel's failure did not prevent Mr. Hurtado from pursing a direct appeal himself, or seeking federal review in a timely manner.  Mr. Hurtado's explanation is insufficient to account for his failure to file the instant § 2254 application within the one-year limitations period dictated by § 2244(d).  *See Marsh*, 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").  Accordingly, Mr. Hurtado has failed to raise any convincing reason for this Court to toll the one-year limitations period.  Therefore, under § 2244(d), Mr. Hurtado is time-barred from filing a federal habeas

corpus action in this Court.  Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Hurtado has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hurtado files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  13th  day of  January , 2012.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court